No. 61542.—C. E. Taylor and Wheeler & Miller v. United States, protest 287391-K (San Francisco).

FORD, Judge: The suit listed above challenges the action of the collector of customs in classifying certain imported merchandise as "Ornaments of Beads" and levying duty thereon at the rate of 45 per centum ad valorem under paragraph 1529 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T. D. 52739. Plaintiffs claim said merchandise to be properly dutiable at the rate of 30 per centum ad valorem under paragraph 1503 of said act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, supplemented by Presidential proclamation, T. D. 51898, as articles in chief value of beads, not ornamented with beads.

The pertinent parts of the involved paragraphs are as follows:

Paragraph 1503, as modified, *supra*:

Fabrics and articles not ornamented with beads, * * * composed wholly or in chief value of beads * * * _____ 30% ad val.

Paragraph 1529, as modified, *supra*:

Neck rufflings, * * * and ornaments, provided for in subdivision 12_____ 45% ad val.

Illustrative exhibits 1 and 2 are in evidence as representing the type of merchandise covered by this suit. Illustrative exhibit 1 was invoiced as beaded shoe tips, and illustrative exhibit 2 was invoiced as beaded shoe tops. Illustrative exhibits 3 and 4 are two shoes or moccasins, to which have been applied or attached illustrative exhibits 1 and 2. Plaintiffs' witness testified that "The tip is sewed through the top of the moccasin type shoe or slipper * * *"; that the tip, as represented by illustrative exhibit 1, is sewn to the front part of the moccasin, as shown by illustrative exhibit 3, and that the top, as represented by illustrative exhibit 2, "is affixed to the top of a moccasin type shoe or slipper in the fashion shown here on plaintiff's illustrative exhibit #4." The witness also testified that "It is not inconceivable in my mind that it could be used for other purposes, but I have not personally seen any further uses."

On cross-examination, the witness was interrogated and answered as follows:

X Q. Mr. Taylor, does the beaded shoe tip as represented by plaintiff's illustrative exhibit #1 or on plaintiff's illustrative exhibit #3 embellish or adorn the moccasin?—A. Adds something different to them and if it——

JUDGE DONLON: Answer the question, please, Mr. Taylor.

A. Yes, it embellishes.

X Q. And does it add beauty or grace to the moccasin?—A. Yes.

X Q. Would your answers be the same as to plaintiff's illustrative exhibit #2?—A. Yes.

This record contains no evidence that the subject merchandise serves any utilitarian purpose or use. Nor is there any evidence to show that the moccasin-type shoe or slipper would be incomplete for the purpose for which it was designed and used, unless and until the subject merchandise is affixed thereto. An examination of illustrative exhibits 3 and 4 satisfies us that these illustrative exhibits are complete for the purpose for which designed prior to the attachment thereto of

illustrative exhibits 1 and 2. These bead ornaments are, as stated by the witness, affixed to illustrative exhibits 3 and 4 for the purpose of embellishment and adornment and to add beauty and grace to the moccasins. The subject merchandise was not used as a component material in the manufacture of an ornamental article, but were added as ornaments to an article otherwise completely manufactured.

Illustrative exhibits 1 and 2 could not be used for any other purpose than that described by the witness, because of the manner in which they have been cut or manufactured, and the manner, in the case of illustrative exhibit 1, in which it fits and is sewn on the toe part of illustrative exhibit 3, and, in the case of illustrative exhibit 2, the manner in which it fits and is sewn into the toe and onto the upper sides of illustrative exhibit 4.

It is our view that the facts in this case, as set out above, render inapplicable the authorities relied upon by the plaintiffs in their brief filed herein. In the case of *Paramount Bead Corp.* v. *United States*, 19 C. C. P. A. (Customs) 385, T. D. 45522, the beads were used as a component material in the manufacture of the articles, without which. the articles would have been incomplete for the purpose for which they were designed and used, and primarily served a utilitarian purpose. The record in this case establishes a completely contrary state of facts. A similar situation prevails with respect to the other authorities cited and relied upon by plaintiffs.

The evidence in this case is not sufficient to overcome the presumption of correctness attaching to the classification of the collector, nor is it sufficient to establish the claim of the plaintiffs. For the reasons stated, all claims of the plaintiffs are overruled. Judgment will be rendered accordingly.